## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 19-cv-02952-RM-MEH

APS BIOGROUP, INC., and
LA BELLE ASSOCIATES, INC.,

      Plaintiffs/Counterclaim Defendants,

v.

STERLING TECHNOLOGY, INC.,

      Defendant/Counterclaim Plaintiff,
and

STERLING TECHNOLOGY, INC.,

      Third-Party Plaintiff,

v.

PANTHERYX, INC.,

      Third-Party Defendant.

---

## ORDER

---

      This Lanham Act and unfair competition case is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty to grant in part and deny in part the Motion to Dismiss Counterclaim Plaintiff's Amended Counterclaim and Third-Party Complaint. (ECF No. 141.) No party objected to the Recommendation. As explained below, the Court accepts and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARDS

### A. Magistrate Judge's Recommendation

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

### B. Motion to Dismiss

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II. BACKGROUND

Plaintiffs and Defendant are competing suppliers of bulk bovine colostrum powder, a substance known to provide health benefits to humans and animals. Bovine colostrum may be blended with other dairy proteins such as whey protein concentrate to improve the consistency and reduce the cost of bulk powder. Plaintiffs allege that Defendant sells bovine colostrum products that are not as pure as advertised, and they filed this lawsuit asserting claims for violation of the Lanham Act, deceptive trade practices under Colorado law, and common law unfair competition.

Defendant has filed its answer, asserting counterclaims against Plaintiffs and third-party claims against PanTheryx, Inc., an entity that previously tried to acquire Defendant and did acquire both Plaintiffs. Plaintiffs and PanTheryx have moved to dismiss the counterclaims.

## III. ANALYSIS

The magistrate judge recommended dismissing the bulk of Defendant's counterclaims with leave to amend, noting that Plaintiffs and PanTheryx did not meet their conferral obligations. *See* Civ. Practice Standard IV.4.N.2.a. Adopting the Recommendation leaves only Defendant's breach of contract claim against PanTheryx and its unjust enrichment claim against Plaintiffs.

### A.  Tortious Interference

With respect to Defendant's tortious interference claims, the magistrate judge determined that Defendant does not identify any specific contract whose breach was induced by Plaintiffs or PanTheryx to support a claim based on an existing contractual relationship. The magistrate judge further determined that Defendant's vague allegations pertaining to the potential of otherwise unknown customers are insufficient to state a claim based on any prospective contractual relationships. Accordingly, the magistrate judge recommended that both claims be dismissed. No party objected to the magistrate judge's findings, and the Court discerns no error.

### B.  Conspiracy

With respect to Defendant's conspiracy claims, the magistrate judge determined that neither claim was supported by sufficient allegations of an underlying unlawful act that would support a derivative cause of action. The Court agrees.

### C.  Abuse of Process

Regarding Defendant's abuse of process claim the magistrate judge determined that Defendant had not shown that Plaintiffs had initiated or were continuing to litigate this lawsuit

3

for an improper purpose. Because Plaintiffs had merely raised colorable claims against a competitor and sought relief consistent with those claims, the magistrate judge recommended dismissing this claim as well. The Court agrees that dismissal of this claim is warranted.

### D. Breach of Contract

The magistrate judge determined that Defendant has sufficiently pleaded allegations that PanTheryx breached its nondisclosure agreement by misusing information it acquired during negotiations with Defendant as well as resulting damages. Taking Defendant's allegations as true, the Court discerns no error.

### E. Unjust Enrichment

Finally, the magistrate judge found Defendant's claim for unjust enrichment against PanTheryx is based on the same subject matter as the nondisclosure agreement and is therefore barred. The magistrate judge found that Defendant's claim against Plaintiffs should be allowed to proceed. Again, the Court discerns no error.

## IV. CONCLUSION

Therefore, the Court ACCEPTS and ADOPTS the Recommendation (ECF No. 141) and GRANTS IN PART and DENIES IN PART the Motion to Dismiss (ECF No. 129), as stated above.

DATED this 29th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge